IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE**, *individually and on behalf of all others similarly situated*, <br> *Plaintiff* <br><br> v. <br><br> **SAMSUNG ELECTRONICS AMERICA, INC.**, *et al.*, <br> *Defendants* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION** <br><br><br><br><br><br> No. 23-3985 |

**O R D E R**

**AND NOW** this 3rd day of May, 2024, upon consideration of Plaintiff's Complaint, (Doc. No. 1), filed under pseudonym, it is **ORDERED** that Plaintiff must move for leave to proceed via pseudonym and file a memorandum law explaining why she is entitled to do so[1] by **May 14, 2024.**

**IT IS SO ORDERED.**

BY THE COURT:

 */s/ Karen Spencer Marston for*
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Federal Rules of Civil Procedure require that the title of the complaint name all the parties to the litigation. Fed. R. Civ. P. 10(a). This rule "illustrates the principle that judicial proceedings, civil as well as criminal, are to be conducted in public. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quotation marks omitted). "A plaintiff's use of a pseudonym runs afoul" of this right to public access. *Id.* (quotation marks omitted). Although not expressly permitted under Rule 10(a), courts have, "in exceptional cases" allowed a party to proceed under a pseudonym. *Megless*, 654 F.3d at 408. To do so, however, the plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quotation marks omitted).