IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated, | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 23-3985 |
| | : |
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD., | : |
| Defendants. | : |

**O R D E R**

Plaintiff Jane Doe proceeds against Samsung Electronics America, Inc. and Samsung Electronics Co., LTD., alleging negligence, design defect, unjust enrichment, and intrusion upon seclusion. Plaintiff moves for leave to proceed pseudonymously. (Doc. No. 29.) Samsung does not oppose Plaintiff's request to proceed pseudonymously on the public docket, but asks that Plaintiff disclose her name to Samsung and the Court. (Doc. No. 32 at 12.) I will grant Plaintiff's Motion, and order the Parties to submit a Protective Order.

I. **BACKGROUND AND PROCEDURAL HISTORY**

As alleged, Plaintiff was stalked for over a year through the use of a Samsung SmartTag. (Compl. (Doc. No. 1) ¶¶ 14, 46.) The SmartTag is a small tracking device manufactured and sold by Samsung. (Id. ¶¶ 6, 21.) The user can follow the SmartTag's location on his or her phone. (Id. ¶¶ 23–26.) SmartTags are intended to help people locate things like keys, a bag, or a car. (Id. ¶¶ 6, 21.)

In April 2022, Plaintiff received a message from her ex-boyfriend that he "had eyes on her" and was aware of her location. (Id. ¶ 47.) Later, when Plaintiff briefly reconciled with her ex-boyfriend, she noticed that his phone was alerting him that a tracking device was nearby. (Id. ¶

48.) In July 2022, she discovered that her ex-boyfriend was traveling during April 2022, making it "impossible that he would have known where she was without the use of a tracking device." (Id.) When she questioned him, he admitted that he had used a tracker to follow her, but said he removed the device. (Id. ¶ 49.) In August 2022, the two permanently ended their relationship. (Id. ¶ 50.)

After the breakup, Plaintiff downloaded two apps—Tracker Detect and Air Guard—which notify users of nearby tracking devices, but neither app located any tracking devices near her car. (Id. ¶ 51.) On September 2, 2022, her ex-boyfriend messaged her that he was aware of her location. (Id. ¶ 52.) After Plaintiff filed a police report, police were unable to locate a tracker. (Id.)

Because the apps were catered to locate Apple AirTags, Plaintiff contacted Samsung to locate the device she believed her ex-boyfriend was using, but Samsung did not provide assistance. (Id. ¶ 54.) Plaintiff's ex-boyfriend eventually admitted that he connected a SmartTag to her car's rear bumper, where she found it attached with double sided tape. (Id. ¶¶ 54–55.)

Between September 3 and September 24, Plaintiff repeatedly asked Samsung for assistance locating additional SmartTags, but Samsung declined. (Id. ¶ 57.) On September 24, 2022, a Samsung customer service agent did "personal research" and advised Plaintiff to download Samsung's SmartThings app. (Id. ¶¶ 58–59.) The app has a SmartThings Find feature which identifies nearby SmartTags to "ensure nobody is secretly tracking" the customer's location. (Id. ¶ 28.)

On October 16, 2023, Plaintiff initiated this lawsuit, alleging negligence, design defect, unjust enrichment, and intrusion upon seclusion. (Compl.) She brings this action individually and on behalf of three classes. (Id. ¶¶ 60–61.)

On February 5, 2024, Samsung moved to dismiss under Rule 12(b)(6) and alternatively

under Rule 41(b) for failure to comply with Rule 10(a) by filing pseudonymously without seeking leave. (Doc. No. 17.) On April 4, 2024, Plaintiff responded in opposition. (Doc. No. 23.) On May 4, 2024, Judge Marston (on behalf of Judge Pratter (to whom this matter was then assigned)) ordered Plaintiff to move for leave to proceed via pseudonym by May 14, 2024. (Doc. No. 25.) On May 14, 2024, Plaintiff moved for leave to proceed using the pseudonym Jane Doe. (Doc. No. 29.) On May 22, 2024, this matter was reassigned to me. (Doc. No. 30.) On May 28, 2024, Samsung responded to Plaintiff's Motion to Proceed using the Pseudonym Jane Doe. (Doc. No. 32.) The matter is fully briefed. (Doc. No. 33.)

## II. LEGAL STANDARDS

"[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011) (quoting Nixon v. Warner Cmmc'ns, Inc., 435 U.S. 589, 598–99 (1978)). Accordingly, parties must identify themselves in their pleadings. Id.; Fed. R. Civ. P. 10(a). "A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" Megless, 654 F.3d at 408 (quoting Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000)).

A plaintiff may proceed anonymously in certain exceptional circumstances, however, where she shows "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." Megless, 654 F.3d at 408 (quoting Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1043 (9th Cir. 2010)). Fear of "embarrassment or economic harm is not enough." Id. The Third Circuit has endorsed a nine-factor anonymity test. Id. I should first consider six factors weighing in favor of anonymity:

> (1) "the extent to which the identity of the litigant has been kept confidential";
> (2) "the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases";

(3) "the magnitude of the public interest in maintaining the confidentiality of the litigant's identity";
(4) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities";
(5) "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified"; and
(6) "whether the party seeking to sue pseudonymously has illegitimate ulterior motives."

Id. at 410 (quoting Doe v. Provident Life and Accident Ins. Co., 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)).  I should also consider three factors weighing in favor of disclosure:

(1) "the universal level of public interest in access to the identities of litigants";
(2) "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained"; and
(3) "whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."

Id. (quoting Provident Life, 176 F.R.D. at 467–68).  "[T]he facts of a particular case may implicate other important considerations," however.  Strike 3 Holdings, LLC v. Doe, 637 F. Supp. 3d 187, 194 (D.N.J. 2022).

### III.   DISCUSSION

#### A. Disclosure to the Court and Counsel

Samsung argues that Plaintiff must disclose her name to Samsung and the Court.  (Doc. No. 32 at 7.)  Samsung urges that Plaintiff's identity is necessary to conduct a recusal check, determine whether this Court has subject matter jurisdiction over this case, and investigate threshold issues relevant to its pending Motion to Dismiss, such as arbitration.  (Id. at 8; see also Doc. No. 17.)  Plaintiff acknowledges that she is willing to disclose her identity to the Court and counsel "under the cover of a suitable protective order."  (Doc. No. 33 at 2 n.1; Doc. No. 29-1 at 1.)

Samsung also urges that it must be able to use Plaintiff's real name in non-public discovery, such as obtaining police reports and seeking information from individuals with knowledge of her allegations, including her ex-boyfriend. (Doc. No. 32 at 9–10.) Samsung will, however, consider "additional measures to protect Plaintiff's location information that do not compromise its ability and its right to conduct meaningful discovery and mount a proper defense." (Doc. No. 32 at 11.) Plaintiff states that she will work with Samsung to determine a "mutually satisfactory protective [order]" if her Motion is granted. (Doc. No. 33 at 3.)

Accordingly, I will order the Parties to submit a Protective Order.

### B. *Megless* Factors

Although Plaintiff's Motion is unopposed, because I have "an independent duty to determine whether exceptional circumstances (*e.g.*, a reasonable fear of severe harm) and the public interest justify anonymous litigation," I will review the *Megless* factors. Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist., No. 12-1319, 2012 WL 6629643, at *2 (W.D. Pa. Dec. 19, 2012).

The first six factors support anonymity. First, Plaintiff alleges that she has not shared her involvement with this case outside her immediate family, and her name is not in any of the pleadings, motions, or exhibits. (Doc. No. 29-1 at 8; Doe Decl. (Doc. No. 29-2) ¶¶ 5–6); see Doe v. Oshrin, 299 F.R.D. 100, 102 (D.N.J. 2014) (considering extent to which Plaintiff's identity is disclosed in pleadings, motions, or exhibits); Doe v. Princeton Univ., No. 20-4352, 2020 WL 3962268, at *3 (D.N.J. July 13, 2020) (the first factor supported granting the plaintiff's motion where he disclosed the matter to only "immediate family and friends, . . . and his legal counsel").

Second, Doe argues that as a victim of stalking, she "legitimately and rightfully fears her ex-boyfriend['s] knowledge of her whereabouts" if she is forced to reveal her identity. (Doc. No.

29-1 at 7–9.) She thus does not want her home address to be publicized or her ex-boyfriend to know when she will be in court. See Roe v. Providence Health System-Oregon, No. 06-1680, 2007 U.S. Dist. LEXIS 50656, *7 (D. Or. June 26, 2007) ("If the individual gains knowledge of [Plaintiff's] involvement in this case, he will have access to substantial personal information, and the dates and times of her court proceedings."). In light of Plaintiff's heightened fear for her personal safety if her stalker were to learn her home address or whereabouts, her concerns go "beyond a boilerplate assertion that she will be embarrassed if she is publicly identified." Doe v. Rutgers, No. 18-12952, 2019 WL 1967021, at *2 (D.N.J. Apr. 30, 2019).

Because there is minimal public interest in ascertaining Plaintiff's identity, the third and fourth factors also weigh in favor of anonymity. Plaintiff alleges that there would be a chilling effect on potential plaintiffs if she is compelled to reveal her name publicly because other stalking victims might fear reprisal if public disclosure of their names is compelled. (Doc. No. 29-1 at 10); see Doe v. Triangle Doughnuts, LLC, No. 19-5275, 2020 WL 3425150, at *6 (E.D. Pa. June 23, 2020) ("It is also likely that other similarly situated litigants would also be deterred from litigating these types of claims for the same reasons."). Doe urges that this case is "no less fact dependent than the average case." (Doc. No. 29-1 at 10 (citing Doe v. Drexel Univ., No. 23-3555, 2023 WL 8373166, at *3 (E.D. Pa. Dec. 4, 2023)); Doe v. Indep. Blue Cross, No. 22-2412, 2022 WL 2905252, at *3 (E.D. Pa. July 22, 2022) ("The parties may be interested in the legal issues in the case, but not plaintiff's identity. Her personal identity is not necessary to resolution of the legal issues in this case. Her identity can be disclosed to the defendant during the litigation without disclosing it publicly."). Further, Plaintiff does not seek to seal the docket, which will remain public even if Plaintiff's identity remains confidential. See Provident Life, 176 F.R.D. at 468 ("[U]se of a pseudonym [would] not interfere with the public's right or ability to follow the

proceedings[,]" in light of the fact that "the proceedings" remained "open to the public.").

The fifth and sixth factors also weigh against disclosure. Doe urges that she will dismiss her claims if she is ordered to reveal her identity. (Doc. No. 29-1 at 11; Doe Decl. ¶ 11.) Because I find no ulterior motive in Plaintiff's desire to protect her privacy and proceed anonymously, the sixth factor also weighs in favor of anonymity. See Doe v. Hartford Life, 237 F.R.D. 545, 550–51 (D.N.J. 2006); Oshrin, 299 F.R.D. at 102.

The factors weighing in favor of disclosure do not tip the balance the other way. The public interest "derives from Samsung's conduct in placing the Galaxy SmartTag in the marketplace and in the hands of stalkers without adequate safeguards to protect [Plaintiff] and others," and not from the identity of an individual alleging that she was a victim of stalking. (Doc. No. 29-1 at 11) see Doe v. Lyft, Inc., No. 23-3990, 2023 WL 8702729, at *4 (E.D. Pa. Dec. 15, 2023) ("[I]t is the nature of the allegations and [defendant's] policies that would be of interest to the public, not Doe's individual identity."). Finally, Samsung does not oppose Plaintiff's Motion.

### IV.   CONCLUSION

Because the *Megless* factors favor anonymity, I will allow Plaintiff to proceed under a pseudonym. Plaintiff states that she will "expeditiously begin working with defense counsel on a protective order should [I] grant [her] Motion." (Doc. No. 33 at 3.) Accordingly, I order the Parties to submit a Protective Order for my review.

Finally, Samsung asks that I grant the Motion without prejudice to the right subsequently to seek modification of the order. (Doc. No. 32 at 12.) Plaintiff has not responded to this request. Because caselaw in this District supports such a limitation, I will grant Samsung's request. See, e.g., Doe v. Brennan, No. 19-5885, 2020 WL 1983873 (E.D. Pa. Apr. 27, 2020) (granting motion to proceed anonymously without prejudice); Doe v. United States, No. 20-1947, 2021 WL 662294,

at *5 (E.D. Pa. Feb. 18, 2021), rev'd on other grounds sub. nom. Doe 1 v. United States, 37 F.4th 84 (3d Cir. 2022) (same).

\*           \*           \*

**AND NOW**, this 12th day of June, 2024, upon consideration of Plaintiff's Motion for Leave to Proceed Using the Pseudonym Jane Doe (Doc. No. 29), Defendant's Response (Doc. No. 32), Plaintiff's Reply in Support (Doc. No. 33), and all related filings, it is hereby **ORDERED** that:

1. Plaintiff's Motion (Doc. No. 29) is **GRANTED**;
2. Plaintiff is permitted to proceed on the public docket under the pseudonym "Jane Doe";
3. This Order is without prejudice to either Party seeking modification;
4. Plaintiff must disclose her real name in a filing under seal and must file *in camera* a replacement declaration for Doc. No. 29-2 signed in her real name **no later than June 19, 2024**,
5. Plaintiff shall serve Defendant Samsung Electronics America, Inc. with a copy of both filings at the same time they are provided to the Court;
6. The Parties must submit a proposed Protective Order **no later than June 19, 2024**; and
7. Because Defendant suggests that Plaintiff's identity may affect threshold issues related to its pending Motion to Dismiss (Doc. No. 17), the Parties shall submit supplemental briefing, if necessary, addressing Defendant's Motion to Dismiss (Doc. No. 17) **no later than June 26, 2024**.

                                      **AND IT IS SO ORDERED.**

                                      */s/ Paul S. Diamond*

                                      Paul S. Diamond, J.