IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANE DOE, individually and on behalf of all others similarly situated,** | : : | |
| Plaintiff, | : : | |
| v. | : : | Civ. No. 23-3985 |
| **SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,** | : : : : | |
| Defendants. | : | |

# O R D E R

Jane Doe proceeds against Samsung Electronics America, Inc. and Samsung Electronics Co., LTD., alleging negligence, design defect, unjust enrichment, and intrusion upon seclusion. Samsung moves to compel arbitration. (Doc. No. 43.)

Under *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, I must apply either the standard set forth in Rule 12(b)(6) or Rule 56. 716 F.3d 764, 773–74 (3d Cir. 2013). In determining which standard applies, I may consider only the Complaint. Id. The Rule 12(b)(6) standard applies "where the affirmative defense of arbitrability of claims is apparent on the face of the complaint (or . . . documents relied upon in the complaint)." Id. (citation omitted). The arbitrability question may thus be resolved without discovery. Id. The Rule 56 standard applies, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." Id. at 776.

A Third Circuit panel recently explained:

> The motion to dismiss standard applies only where the motion can be decided on the face of the complaint, or on documents relied upon by the complaint. Here, the District Court's decision clearly relied upon documents outside of the pleadings, namely the screenshots of the app sign-up screen, the purported Terms &

Conditions document, and the declarations submitted by both parties. This is, indeed, a case where "a more deliberate pace is required" and any motion to compel arbitration must be decided under the summary judgment standard. <u>Guidotti</u>, 716 F.3d at 774.

<u>Steven Checchia v. Solo Funds, Inc.</u>, No. 23-2193, 2024 WL 3717491, at *2 (3d Cir. Aug. 8, 2024).

Although Samsung argues that I may decide the Motion under a Rule 12(b)(6) standard, the Complaint here makes no mention of an arbitration agreement. (Doc. No. 48 at 4.) Indeed, Samsung's Motion and Doe's Response include the following materials not mentioned in the Complaint: both Parties' Declarations, screenshots of sign-up pages, Samsung customer service logs, and several Terms and Conditions which purportedly compel arbitration. (Doc. Nos. 44-1, 44-2, 43-2.) Accordingly, the Complaint does not establish on its face that the Parties agreed to arbitrate Doe's claims.

I will thus allow the Parties to take discovery on the issue of arbitrability and then present additional material. See <u>Robert D. Mabe, Inc. v. OptumRX</u>, 43 F.4th 307, 330 (3d Cir. 2022).

I will also deny Samsung's Motion to Dismiss without prejudice, pending determination of the Motion to Compel Arbitration. See <u>Edmondson v. Lilliston Ford, Inc.</u>, 593 F. App'x 108, 111 (3d Cir. 2014) ("If the parties have a valid, enforceable arbitration agreement and any of the asserted claims are within its scope, the motion to compel arbitration cannot be denied . . . . This is so even if the denial is without prejudice for the purpose of permitting the District Court to make a determination on a pending motion to dismiss.") (citing 9 U.S.C. § 4).

\*     \*     \*

**AND NOW**, this 16th day of August, 2024, upon consideration of Plaintiff's Complaint (Doc. No. 1), Defendants' Motion to Compel Arbitration (Doc. No. 43), Plaintiff's Response (Doc. No. 44), Defendants' Reply (Doc. No. 48), and all related submissions, it is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 17) is **DENIED without prejudice**;

2. Discovery limited to the question of arbitrability shall be completed by September 13, 2024;

3. Plaintiff shall file a memorandum in opposition to arbitration **no later than** September 27, 2024; and

4. Defendant shall file any reply **no later than** October 11, 2024.

                                          **AND IT IS SO ORDERED.**

                                           */s/ Paul S. Diamond*
                                           Paul S. Diamond, J.