IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, individually and on behalf of all others similarly situated, | : : | |
| Plaintiff, | : : | |
| v. | : : | Civ. No. 23-3985 |
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD, | : : : : | |
| Defendants. | : | |

# **O R D E R**

The Parties have submitted for my approval their Joint Stipulation as to Arbitrability of Claims. (Doc. No. 51.) I will approve it in part.

On July 12, 2024, Defendant Samsung Electronics America, Inc. filed a Motion to Compel Arbitration and Stay Litigation. (Doc. No. 43.) Plaintiff Jane Doe subsequently filed a Response, and Defendant filed a Reply. (Doc. Nos. 44, 48.) Defendant urged me to grant its Motion using the Rule 12(b)(6) standard. (Doc. No. 43-1 at 15.) Motions to compel arbitration may be evaluated under the Rule 12(b)(6) standard, however, only when it is facially apparent from the complaint and its accompanying documents that its claims are subject to an enforceable arbitration clause. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013). If this is not apparent from the face of a complaint, such a motion must be evaluated under the Rule 56 summary judgment standard, and the parties may take limited discovery as to arbitrability. Id. Because I found that arbitrability was not apparent from the Complaint's face, I denied Defendant's Motion and ordered limited discovery. (Doc. No. 49.)

On September 12, 2024, the Parties filed a Joint Stipulation as to Arbitrability of Claims and asked me to "consider this Stipulation in lieu of potentially expensive and time-consuming

discovery." (Doc. No. 51 at 1.)  The Joint Stipulation proffers that the "sole issue for the Court to decide is whether [Plaintiff]'s claims fall within the scope of [Defendant]'s Dispute Resolution Agreement ("DRA"), which is contained within its 2024 Mobile Terms."  (Id. at 2.)  In support of this limitation, the Joint Stipulation includes six paragraphs of Stipulated Facts and five paragraphs of "Stipulated Issues as to Arbitrability," as well as a copy of the 2024 Mobile Terms and a transcript of the Plaintiff's call with Defendant.  (Id. at 3-6; see also Doc. 51-1.)

Although I am not required to do so, I will accept the Parties' Stipulated Facts, which appear to have evidentiary support.  Such stipulations are enforceable and encouraged because they narrow the dispute and so assist in speedy and efficient case disposition.  United States v. Reading Co., 289 F.2d 7, 9 (3d Cir. 1961).

I will also accept paragraphs 4 and 5 of the "Stipulated Issues as to Arbitrability,"  which suggest that: 1) "the sole issue for the Court is whether [Plaintiff]'s claims fall within the scope of the DRA that is contained in the 2024 Mobile Terms"; and 2) I "need not address" certain contentions previously made by the Parties.  (Doc. No. 51 at 6.)  As with stipulations of fact, stipulations that limit the range of legal issues for a reviewing court's consideration are permissible. 83 C.J.S. Stipulations § 28; see also Reading Co., 298 F.2d at 9; Flick v. Borg-Warner Corp., 892 F.2d 285, 287 (3d Cir. 1989).

I will not, however, necessarily accept paragraphs 1, 2, and 3 of the "Stipulated Issues as to Arbitrability," which provide:

1. For purposes of SEA's Motion to Compel Arbitration (ECF 43), based on the foregoing stipulations, the parties stipulate that the 2024 Mobile Terms . . . contain the operative arbitration language in the DRA agreement and that the EULA contains the operative language about which state's law applies to the DRA.

2. The parties stipulate that the DRA is binding on both parties and there are no disputes as to the validity or enforceability of the DRA.

3. The parties stipulate that the DRA requires arbitration of "disputes" between Samsung and Doe that are covered by the DRA.

These are not stipulations so much as they are the Parties' conclusions of law. Cf. Dupree v. Younger, 598 U.S. 729, 737 (2023) ("[A] purely legal question is, by definition, one whose answer is independent of disputed facts . . . ."). Although I will consider the Parties' stipulations, I am not bound by their beliefs as to how questions of law should be decided. Ulitchney v. Ruzicki, 412 F. App'x 447, 451 (3d Cir. 2011); In re Mintze, 434 F.3d 222, 228 (3d Cir. 2006).

*   *   *

**AND NOW**, this 2nd day of October 2024, it is hereby **ORDERED** that:

1. I will accept Paragraphs 1-6 of the Stipulated Facts;

2. I will accept Paragraphs 4 and 5 of the "Stipulated Issues as to Arbitrability;"

3. I will not accept Paragraphs 1-3 of the "Stipulated Issues as to Arbitrability." I will consider them, but I am not bound by them;

4. No further discovery shall be undertaken with regard to the issue of arbitrability;

5. The sole issue this Court shall decide with regard to arbitrability is whether the Plaintiff's claims fall within the scope of the DRA contained in the 2024 Mobile Terms;

6. Plaintiff shall file her memorandum in opposition to arbitration **no later than** October 11, 2024;

7. Defendant shall file its response **no later than** October 18, 2024;

8. The page limit for these supplemental briefs is ten (10) pages.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.